837 F.2d 1091
 128 L.R.R.M. (BNA) 2567
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rex H. REED, Plaintiff-Appellant,
v.
Rosemary COLLYER, General Counsel of the National Labor
Relations Board, Defendant-Appellee.
 No. 87-5641.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1988.
 
 Before LIVELY, Chief Judge, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff appeals the district court's judgment dismissing his labor complaint. Plaintiff is an official of the National Right to Work Legal Defense Foundation, and defendant is General Counsel for the National Labor Relations Board. Plaintiff brought suit alleging that defendant had acted arbitrarily in refusing to issue an unfair labor practice complaint against General Motors and its union the UAW. The district court dismissed the complaint for lack of subject matter jurisdiction. Upon review, we conclude the district court properly dismissed the complaint.
 
 
 3
 General Counsel's decision not to issue an unfair labor practice complaint is not subject to judicial review. See Vaca v. Sipes, 386 U.S. 171, 182 (1967); Echols v. NLRB, 525 F.2d 288 (6th Cir.1975). Further, 28 U.S.C. Secs. 1331, 1337 and 1361 do not provide an independent source of subject matter jurisdiction. See Louisville and Nashville R.R. Co. v. Donovan, 713 F.2d 1243, 1245 (6th Cir.1983). Nor does the Administrative Procedure Act afford an implied grant of subject matter jurisdiction. See Califano v. Sanders, 430 U.S. 99, 107 (1977).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.